# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WATERFRONT PETROLEUM
TERMINAL COMPANY,

    Plaintiff/Counter-Defendant,

v.                                                Case No. 19-13621

DETROIT BULK STORAGE, INC.,

    Defendant/Counter-Plaintiff.

_____/

## ORDER APPOINTING SPECIAL MASTER

### I. Introduction

Plaintiff Waterfront Petroleum Terminal Company ("Waterfront") and Defendant Detroit Bulk Storage, Inc. the owner and lessor, respectively, of maritime facilities on the Detroit River, are litigating over the usage of Waterfront's wharf space at the adjoining facilities, among other issues. The parties have filed cross-motions for summary judgment seeking to determine their respective rights regarding usage of the property. (*See* ECF Nos. 43-44.) The court first advised the parties during a January 5, 2021 status conference that, given the timeline of litigation, it would be impractical for the court to render a final decision on the issue before the 2021 shipping season commenced. The parties have now consented to the court's appointment of a special master, Captain Danny Gallagher, for the limited purpose of promptly resolving disputes that arise when vessels seek to call at the adjoining facilities. The court hereby appoints Gallagher as special master with authority over the areas set forth below.

## II. RULE 53(B)(2)

Federal Rule of Civil Procedure 53(b)(2) requires an order of appointment to include certain contents. The following discussion sets forth the required contents.

1. The court finds that it is necessary to appoint Danny Gallagher as special master in this matter.

2. The court finds that the appointment of a special master is required here to resolve disputes regarding the movement of vessels at both Plaintiff and Defendant's Detroit facilities for the 2021 shipping season, until the court issues a final judgment on the issues, or the parties can come to an agreement, whichever is sooner.

3. The special master's appointment will become effective upon his filing an affidavit disclosing that there is no ground for disqualification under 28 U.S.C.§ 455. *See* Fed. R. Civ. P. 53(a)(2) &(b)(3).

4. The special master shall proceed with all reasonable diligence to perform his duties in these proceedings. *See* Fed. R. Civ. P. 53(b)(2).

5. Plaintiff and Defendant have consented to the court's appointment of a special master, so the court finds that it has authority under Fed. Rule 53(a)(1)(A) to make the appointment.

### A. Duties

6. Rule 53(b)(2)(A) directs the court to set forth "the master's duties, including any investigation or enforcement duties, and any limits on the master's authority under Rule 53(c)." The special master shall have the authority to perform the following duties regarding the parties' Detroit facilities:

a. Schedule and conduct conferences, recorded or otherwise, with attorneys and/or the principals.

b. Create a set of general written guidelines, at the discretion of the special master, stating what advance notice each party is required to provide its counterpart regarding the arrival of vessels.

c. Make decisions rulings and orders regarding, and generally oversee, the movements of vessels in and out of the two parties' Detroit facilities in anticipation of or upon being notified of possible conflicts in scheduling or usage by the principals either directly or through counsel. This includes the authority to order any vessel be prohibited from docking or once docked, being required to move whenever the special master deems it necessary. Such rulings by the special master may be provided in either oral or written form.

d. Regulate all proceedings and take all appropriate measures to perform the assigned duties fairly, efficiently, and as cost effectively as possible.

e. Make formal or informal reports or recommendations to the court regarding any matter pertinent to the facilities' use.

f. Recommend that sanctions be imposed on a party or lawyer for wrongdoing.

### B. Communications

7. Rule 53(b)(2)(B) directs the court to set forth "the circumstances, if any, in which the master may communicate *ex parte* with the court or a party."

a.  The special master may communicate *ex parte* with the court at any time.

b.  In order to facilitate the fair and effective performance of his duties, the special master may communicate *ex-parte* with the parties or their counsel. When practical, the special master shall give the parties advance notice of such communications and, if not, he must provide prompt notice to opposing counsel that such communication has occurred.

### C. Records

8. Rule 53(b)(2)(C) states that the court must define "the nature of the materials to be preserved and filed as the record of the master's activities." The special master shall maintain normal billing records of his time spent on this matter, with reasonably detailed descriptions of his activities and matters worked upon. When practical, the special master shall preserve a copy of any written communications between the special master and the parties. The special master shall also preserve a copy of any written decisions he issues. The special master may make audio recordings at his discretion, but there is no need for any oral discussions to be transcribed by a court reporter unless a party chooses to do so at their own expense.

### D. Review

9. Rule 53(b)(2)(D) directs the court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations." Pursuant to Rule 53(f)(2), any party may file an objection to an order or finding made by the special master within 14 calendar days

of the date it was made.[1] The objection shall be in writing. Any order issued by the special master will remain in effect pending any such objection or motion. Absent a timely objection, the orders, findings, reports and recommendations of the special master shall be deemed approved, accepted, and ordered by the court, unless the court explicitly states otherwise.

10. The court will decide de novo objections to findings of fact, conclusions of law, or reports and recommendations made by the special master. The court will modify or set aside the special master's decisions with respect to procedural matters only for abuse of discretion.

### E. Compensation

11. Rule 53(b)(2)(E) states that the court must set forth "the basis, terms, and procedure for fixing the master's compensation under Rule 53(g)." The special master shall be compensated at the rate of $200 per hour, with Plaintiff bearing 50% of the cost and Defendant bearing 50% of the cost.

12. The special master may incur and bill such other fees and expenses as may be reasonably necessary to fulfill his duties under this order or such other orders as the court may issue. The special master may, with consent of the court, appoint and employ such clerical or practical support services he may reasonably

---

[1] Rule 53(f)(2) provides that parties may file objections "no later than 21 days after a copy [of the master's order, report or recommendation] is served, unless the court sets a different time." The court elects to set a period of fourteen calendar days (not business days) in order to expedite the final resolution of matters formally reported upon the special master. The court contemplates that motions for extensions of time to file any such objections will be denied unless substantial good cause is shown.

need, and direct that such persons keep records of their activities and submit invoices for compensation on an hourly basis.

13. The special master will prepare a monthly invoice for his services, which he will provide to counsel. Counsel shall pay the invoice within thirty days. Counsel must bring any disputes regarding compensation, cost and expenses, and the allocation of the payment of such fees and cost among the parties to the court's attention.

14. The court has "consider[ed] the fairness of imposing the likely expenses on the parties and [has taken steps to] protect against unreasonable expense or delay." Rule 53(a)(3).

### F. Cooperation

15. The special master shall have the full cooperation of the parties and their counsel. Pursuant to Rule 53(c)(2), the special master may, if appropriate, "impose on a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty."

16. As an agent and officer of the court, the special master shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions. *See Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454–55 (9th Cir. 1993) (applying the doctrine of absolute quasi-judicial immunity to a special master).

17. The parties shall make readily available to the special master any and all facilities, files, databases, and documents that are reasonably necessary to fulfill the special master's functions under this order.

### III. Conclusion

The court finds the appointment of a special master is appropriate in this case for the limited purpose of coordinating the use of wharf frontage during the 2021 shipping season, until the court issues a final judgment on the disputed issues, or the parties can come to an agreement, whichever is sooner. Accordingly,

IT IS ORDERED that the court appoints as a special master Captain Danny Gallagher, captaindangallagher@msn.com, (810-300-4251), 110 Water St., Port Huron, MI 48060.

IT IS FURTHER ORDERED that the special master will conduct a telephone conference within seven days of the issuance of the order to orient the parties. Plaintiffs must initiate the conference call.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 31, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 31, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\19-13621.WATERFRONT.OrderAppointingSpecialMaster.AAB.3.docx