**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

WATERFRONT PETROLEUM
TERMINAL COMPANY,

    Plaintiff/Counter-Defendant,

v.                                                                       Case No. 19-13621

DETROIT BULK STORAGE, INC.,

    Defendant/Counter-Plaintiff.
_____/

**ORDER REOPENING DISCOVERY, AMENDING SCHEDULING ORDER,
AND DENYING WITHOUT PREJUDICE CROSS-MOTIONS
FOR SUMMARY JUDGMENT**

Plaintiff Waterfront Petroleum Terminal Company ("Waterfront") the owner of a maritime facility on the Detroit River, brings this action against a neighboring lessee, Defendant Detroit Bulk Storage, Inc. ("DBS"), over the usage of wharf space. DBS brings a counter-complaint for damages stemming from a November 26, 2019 dock collapse. After the discovery deadline had passed, DBS was required to retain new counsel when their former attorney passed away in August 2021. (*See* ECF Nos. 64, 65.) The court held two telephonic conferences in September 2021 in an attempt to determine the status of the case given the substitution of new counsel. DBS's new counsel argued during these conferences that further discovery regarding the dock collapse counter- complaint was necessary. The court agreed that at least some further discovery was appropriate and directed the parties to prepare a joint discovery proposal.

The court has now reviewed the parties' joint discovery proposal, which includes each parties' proposed discovery timeline and their respective discovery requests. DBS proposes 120 days of additional discovery and has "substantially culled" its pending discovery requests, but it seeks additional discovery regarding the dock collapse as it contends such records are required for their experts' analysis.[1] Waterfront objects to DBS issuing any "new third-party subpoenas" and it requests that DBS be required to supplement their responses to its previous requests for production. Waterfront also seeks to complete additional discovery in a shorter timeframe. Reviewing the list of production/document requests provided by each party in their "Joint Discovery Proposal," the court notes that, on the whole, the parties appear to be largely in agreement on what additional discovery is needed in the case.[2]

Here, the court leans in favor of a broader reopening of discovery (within reason) regarding the counter-complaint. The illness and eventual incapacitation of DBS's previous counsel, along with the events of the last two weeks at the Revere Dock,[3] present a unique scenario where there is reasonable cause for additional discovery regarding the counter-complaint. As such, the court determines that reopening

---

[1] The joint request also indicates that the parties agree no additional discovery is needed on the trespass claim besides additional expert depositions that the parties have already jointly agreed to conduct at the appropriate time. So, the court is limiting any further discovery to issues flowing from the dock collapse counter-complaint.

[2] The parties also state that they intend to jointly propose a protective order. The court thinks that the entry of such an order would likely be appropriate here.

[3] News reports indicate that an additional seawall collapse occurred on November 26, 2021 at the Revere Dock site, which is currently leased by DBS. *See* Sarah Rahal & Beth LeBlanc, *Seawall near aggregate site collapsed into Detroit River, city cites 'improper storage'*, Detroit News (Nov. 29, 2021), https://www.detroitnews.com/story/news/local/detroit-city/2021/11/29/seawall-collapse-detroit-river-detroit-bulk-storage-revere-dock-environment-aggregate-pile/8799076002/.

2

discovery for approximately 60 days is appropriate to allow the parties to conduct additional discovery on the dock collapse issue. Although the court declines to limit further discovery to an approved list of additional documentary requests—as Waterfront would prefer—the court reminds the parties that any additional discovery requests must be reasonably focused on the issue actually in dispute.

Additionally, both parties have indicated a desire to "refresh" cross-motions for summary judgment following the close of the new discovery window. (ECF Nos. 43, 44.) The court determines that the best course is for it to deny the pending summary judgment motions without prejudice. Except to the extent these motions have already been adjudicated by the court's previous rulings (*see* ECF No. 62), the parties can then file renewed motions for summary judgment on the remaining claims after discovery has been completed. This should provide for better organization of the arguments. Accordingly,

IT IS ORDERED:

1. To the extent it does not conflict with the requirements enumerated below, the terms of the court's January 5, 2021 Scheduling Order (ECF No. 33) is hereby incorporated by reference.

2. **DISCOVERY DEADLINE**:

    The deadline for completing (not simply scheduling) court-supervised discovery is **2/7/2022**.[4] A discovery demand that is served such that a response is not due before the discovery deadline is deemed of no

---

[4] The court expects that the parties have been working cooperatively on discovery for the last two months.

effect unless counsel agree to comply in spite of the discovery deadline. Extensions of court-supervised discovery are not ordinarily granted in the absence of unusual circumstances. Although unsupervised discovery may be agreed to among counsel, court deadlines are not changed based upon mere agreement. Any proposed protective order should include language limiting the amount of material filed under seal as described on this court's website.

3. **PRELIMINARY AND FINAL WITNESS LISTS**:

   Each party must deliver a final witness list, to the opposing party and file a copy with the court on or before **1/28/2022**. The list must constitute a full good-faith disclosure of each witness who is both known to the party and intended at that time to be called at trial. In the event that a party desires to supplement the list with additional witnesses, the party may do so by stipulation or, if a stipulation is not forthcoming, with a motion supported by a showing of good cause. Witness lists must include after each witness's name an informative synopsis (one or two sentences) outlining the witness's expected testimony.

4. **EXPERT REPORTS REQUIRED BY Fed. R. Civ. P. 26(a) (2) (B):**

   The report of a proposed expert witness for Plaintiff must be provided to opposing counsel **not later than thirty-five days (five weeks)** before the end of discovery. Plaintiff's expert must be available and prepared for deposition within **ten days** after the date the expert

report is provided.

The report of any proposed expert witness for Defendant must be provided to opposing counsel **not later that 14 days (two weeks) before the end of discovery**. Defendant's expert must be available and prepared for deposition within **fourteen days** after the date the expert report is provided.

In the event that a 26(a)(2)(B) report and deposition availability is not provided as required herein, the proposed expert testimony may be excluded. Expert reports are not to be filed with the court unnecessarily (e.g., an expert report might be filed as an exhibit to a Daubert motion).

5. **RENEWED DISPOSITIVE MOTION DEADLINE:**

   The deadline for filing (renewed) pretrial motions requiring extensive briefing and consideration (including motions under Rule 56 and those challenging a purported expert under Daubert v Merrell Dow Pharmaceuticals, Inc, 509 U. S. 579 (1993)) is **3/7/2022**.

6. To the extent it has not previously been adjudicated, Defendant DBS's Motion for Summary Judgment (ECF No. 43) is DENIED WITHOUT PREJUDICE.

    7. To the extent it has not previously been adjudicated, Plaintiff Waterfront's Motion for Summary Judgment (ECF No. 44) is DENIED WITHOUT PREJUDICE.

                                            s/Robert H. Cleland         /
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated:  December 8, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 8, 2021, by electronic and/or ordinary mail.

                                            s/Lisa Wagner              /
                                            Case Manager and Deputy Clerk
                                            (810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\19-13621.WATERFRONT.ReopeningDiscovery.AAB.docx