**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

WATERFRONT PETROLEUM
TERMINAL COMPANY,

    Plaintiff/Counter-Defendant,

v.                                                                   Case No. 19-13621

DETROIT BULK STORAGE, INC.,

    Defendant/Counter-Plaintiff.
_____/

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO STRIKE JURY DEMAND AND PLAINTIFF'S MOTION IN LIMINE**

Plaintiff Waterfront Petroleum Terminal Company ("Waterfront"), the owner of a maritime facility on the Detroit River, brings this action against a neighboring lessee, Defendant Detroit Bulk Storage, Inc. ("DBS"), over the usage of wharf space. DBS brings a counter-complaint for damages stemming from a November 26, 2019 dock collapse. The court previously issued a new scheduling order reopening discovery regarding the counterclaim and provided the parties with a new dispositive motion deadline. (*See* ECF No. 69.) In that order, the court also denied without prejudice the parties' cross-motions for summary judgment "to the extent [they] had not been previously adjudicated." (*Id.*, PageID.2734.) Following the imposition of this new scheduling order, the court allowed a sixty-day extension of discovery, jointly requested by the parties. (ECF No. 70.) The discovery deadline is currently set for April 8, 2022, and the dispositive motion deadline is set for May 5, 2022.

Currently pending before the court are two motions filed by Plaintiff Waterfront on April 16, 2021. First is Waterfront's motion to strike Defendant DBS's jury demand. (ECF No. 41.) Second is Waterfront's motion in limine, which seeks to exclude testimony by James W. Shink, an expert retained by DBS to provide testimony with regards to the dock collapse at issue in the counterclaim. (ECF No. 42.)

When the court previously adjudicated the parties' original cross-summary judgment motions, at the joint request of the parties, it did not consider these motions or other issues relating to the counterclaim due to previous Defense counsel's illness. (*See* ECF No. 62, PageID.2676.) Given the latest stipulated extension of both the discovery and dispositive motion deadlines, Plaintiff's two pending motions will likely be over a year old by the time further motion practice occurs. The court concludes that these two motions have become stale and would benefit from refreshment, taking into account additional discovery and other factual developments that have subsequently occurred. The court, therefore, finds it is appropriate to deny both pending motions without prejudice at this time. Accordingly,

IT IS ORDERED that Plaintiff Waterfront's "Motion to Strike Jury Demand" (ECF No. 41) is DENIED WITHOUT PREJUDICE.

IT IS ORDERED that Plaintiff Waterfront's "Motion to Exclude the Expert Testimony of James W. Shink" (ECF No. 42) is DENIED WITHOUT PREJUDICE.

                                                s/Robert H. Cleland        /
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated:  March 1, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 1, 2022, by electronic and/or ordinary mail.

                                                s/Lisa Wagner           /
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\19-13621.WATERFRONT.DismissingPendingOrders.AAB.docx