UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WATERFRONT PETROLEUM
TERMINAL COMPANY,

      Plaintiff/Counter-Defendant,

v.

DETROIT BULK STORAGE, INC.,

      Defendant/Counter-Plaintiff.

Case No.: 3:19-cv-13621-RHC-APP
Hon. Robert H. Cleland
Magistrate Anthony P. Patti

_____

**<u>PROTECTIVE ORDER</u>**

Plaintiff/Counter-Defendant Waterfront Petroleum Terminal Company ("Waterfront Petroleum") and Defendant/Counter Plaintiff Detroit Bulk Storage ("Detroit Bulk") having stipulated to the entry of a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure, and it is appearing that such an Order is necessary and appropriate and will facilitate discovery,

IT IS HEREBY ORDERED THAT:

I.    <u>Good Cause</u>. This action involves trades secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical, operational and/or proprietary information for which special protection from public disclosure and for any purpose other than

preparing this action is warranted. Such confidential and proprietary materials and information consist of confidential business or financial information, information regarding confidential business practices, business operations, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. To expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material to prepare for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record and used for any other purposes than trial preparation.

II.     <u>Definitions.</u>

<u>Action</u>: this pending federal case and any related actions.

<u>Disclosure or Discovery Material</u>: all non-public information, regardless of the medium or manner in which it is generated, stored, or maintained (including testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to written discovery, as well as deposition transcripts, videos and exhibits.

<u>Documents</u>: Refers to all things in any medium upon which information or data is recorded or from which information or data can be recorded including but not limited to the materials listed in Fed. R. Civ. P. 34(a)(1).

<u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation retained by either Party or their counsel to serve as an expert or consultant.

<u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party.

<u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

<u>Protected Material</u>: Refers to proprietary information related to business

operations and any other sensitive or confidential financial, commercial, operational and/or personal information or communications contained in Discovery Materials, the disclosure of which to third parties may cause injury to the Party that produces the materials, or any Disclosure or Discovery Material designated as "Confidential."

III.   Scope. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material shall be governed by the orders of the trial judge. The Order applies to Protected Material produced at any time during the litigation, including prior to the signing of this Order. This Order does not govern the use of Protected Material at trial.

IV.   Duration. Even after final disposition, the confidentiality obligations imposed by this Order shall remain in effect until all Parties agree otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses, with or without prejudice; and (2) final judgment herein after the

completion and exhaustion of all appeals, rehearings, remands, trials, or reviews, including the time limits for filing any motions or applications for extension of time under applicable law.

V.    <u>Designation</u>. The Parties may designate as Confidential Information any documents, responses, electronic data, transcripts, or other information, including Responses to Discovery, or obtained from third-parties by way of subpoena or other means, that involves or relates to trades secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical, operational and/or proprietary information produced to either Party and their attorneys. All Confidential information produced by Detroit Bulk and its attorneys are confidential and shall be subject to this Order.

VI.   <u>Disclosure</u>. Either Party may disclose any information or item designated "Confidential" only to: (a) its counsel of record in this Action; (b) its officers, directors, and employees (including House Counsel) to whom disclosure is reasonably necessary for this Action; (c) either Party's Experts to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); (d) the court and its personnel; (e) court reporters and their staff; (f) professional jury or trial consultants, mock jurors, and

Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; (h) during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A; and (2) they may not keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Party producing the Protected Material or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and (i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any party engaged in settlement discussions.

VII. <u>Subpoena for Protected Material</u>. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated as "Confidential," that Party must: (a)

promptly notify in writing the other Party. Such notification shall include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and (c) cooperate regarding all reasonable procedures sought to be pursued by the Party whose Protected Material may be affected. If the Party timely seeks a protective order for the Protected Material, the Party served with the subpoena or court order shall produce no information designated as "Confidential" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Party's permission.

VIII. <u>Non-Party Protected Material</u>. (a) The terms of this Order apply to information produced by a Non-Party in this Action and designated as Confidential. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. (b) if a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an

agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall: (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order , the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the information requested available for inspection by the Non-Party, if requested. (c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, a Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party shall produce no information in its possession or control subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

IX.     Unauthorized Disclosure of Protected Material. If either Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person  or  in any circumstance not authorized  under this Stipulated

Protective Order, the Party must immediately (a) notify in writing the other Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A.

X.   Inadvertent Production of Privileged or Otherwise Protected Material. When a Party gives notice to the other Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Under Federal Rule of Evidence 502(d) and (e), insofar as the parties agree on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

XI.  Final Disposition. After the final disposition of this Action, the Parties must return all Protected Material to each other or destroy such material. As used in this subdivision, "all Protected Material" includes all copies,

abstracts, compilations, summaries, and any other format reproducing or capturing the Protected Material. Whether the Protected Material is returned or destroyed, the Parties must submit a written certification to each other that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Parties have retained no copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

XII.  <u>Violation</u>. Any violation of this Order may be punished by any appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

XIII.  <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any party to seek its modification by the Court.

XIV.  <u>No Waiver</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of the material covered by this Protective Order.

XV.  <u>Enforceability</u>. This Protective Order shall remain binding and enforceable after the conclusion of this case, whether through settlement or final judgment, and the court shall retain jurisdiction to enforce or modify this Protective Order after the case is dismissed or compromised.

IT IS SO ORDERED:

s/Robert H. Cleland
_____
Judge Robert H. Cleland

# Dated: March 21, 2022

**RESPECTFULLY STIPULATED AND AGREED:**

**ATTORNEYS FOR WATERFRONT PETROLEUM COMPANY**

**ATTORNEYS FOR DETROIT BULK STORAGE, INC.**

**DEGAN, BLANCHARD & NASH**
/s/  Philip  C.  Brickman
SIDNEY W. DEGAN, III
PHILIP C. BRICKMAN
400 Poydras Street, Suite 2600
New Orleans, Louisiana 70130

**LAW OFFICES OF JUAN A. MATEO**
/s/ Juan A. Mateo
JUAN A. MATEO
300 River Place, Suite 3000
Detroit, Michigan 48207
Telephone: 313-962-3500

Telephone: 504-529-3333
Facsimile: 504-529-3337
Email:        sdegan@degan.com
pbrickman@degan.com

Email: mateoja@ aol.com

**CARDELLI LANFEAR, PC**
/s/Anthony F. Caffrey
THOMAS G. CARDELLI
ANTHONY F. CAFFREY III
322 W Lincoln Avenue
Royal Oak, Michigan 48067-2571
Telephone: 248-544-1100

**LAW OFFICES OF ROBERT E. HIGBEE PLLC**
/s/ Robert E. Higbee
ROBERT E. HIGBEE
300 River Place, Suite 3000
Detroit, Michigan 48207
Telephone: 313-962-3500
Email: robhigbee@gmail.com

**WHITHEAD LAW COUNSEL, PLLC**
/s/Teri Whitehead
TERI WHITEHEAD
540 N. Lapeer Ste 384
Orion Township, Michigan 48362
Telephone: 248-925-0530
Email: teriteri2006@gmail.com

**GALLAGHER SHARP LLP**
/s/ Adam C. Zwicker
PAUL D. GALEA
ADAM C. ZWICKER
SARAH V. BEAUBIEN
211 W. Fort St., Ste. 660
Detroit, Michigan 48226
Telephone: 313-962-9160
Email: azwicker@gallaghersharp.com

13

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ___Harry Warner_____ declare under penalty of
perjury that I have read in its entirety and understand the Stipulated Protective Order
issued by the United States District Court for the Eastern District in the case of
*Waterfront Petroleum Terminal Company v. Detroit Bulk Storage, Inc.*, 3:19-cv-
1362-RHC-AHP

I agree to comply with and to be bound by all the terms of this Stipulated Protective
Order and I understand and acknowledge that failure to so comply could expose me
to sanctions and punishment like contempt. I solemnly promise I will not disclose in
any manner any information or item subject to this Stipulated Protective Order to any
person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the
Eastern District of Michigan to enforce the terms of this Stipulated Protective Order,
even if such enforcement proceedings occur after termination of this action.

I appoint *Anthony Caffrey / Tom Cardelli, 322 W. Lincoln, Royal Oak, MI 48607 248-544-1100* (name, address,
phone number) as my Michigan agent for service of process with this action or any
proceedings related to enforcement of this Stipulated Protective Order.


_____
___Harry C. Warner_____
Name

_____
Signature

___March 7, 2022_____
Date

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, Noel Frye declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order issued by the United States District Court for the Eastern District in the case of *Waterfront Petroleum Terminal Company v. Detroit Bulk Storage, Inc.*, 3:19-cv-1362-RHC-AHP

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment like contempt. I solemnly promise I will not disclose in any manner any information or item subject to this Stipulated Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Michigan to enforce the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I appoint Attorney Juan Mateo (300 River Place, Suite 3000, Detroit, Michigan 48207 Telephone: 313-962-3500) as my Michigan agent for service of process with this action or any proceedings related to enforcement of this Stipulated Protective Order.


_____
Noel Frye

_____
Date